# UNITED STATES DISTRICT COURT

*for the*

### EASTERN DISTRICT OF CALIFORNIA

CASE: 2;25-CV-2169-DC-CKI

## COMPLAINT FOR DECLATORY AND INJUNCTIVE RELIEF
(First and Fifth Amendment Violations-Bivens Action)

**ALAMIN SAMAD,**

1.Plaintiff,

**DERRICK WHITE,**

2.Plaintiff,

**JOHNNY RICE,**

3.Plaintiff,

**FILED**

AUG 18 2025

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK



     **Vs.**

**MARTHA BOERSCH, in her individual and official capacity,**

1. Defendant,

**MACK JENKINS, in his individual and official capacity,**

2. Defendant,

**JOHN DOES, 1-10, in their individual and official capacities,**

3.Defendants,

**ALAMIN SAMAD**
59 W Lincoln Ave Apt. 203
WOODLAND CA 95695
(916) 720-1674

# UNITED STATES DISTRICT COURT

*for the*

## EASTERN DISTRICT OF CALIFORNIA

CASE: **CV-2169-DCCK**

**COMPLAINT FOR DECLATORY AND INJUNCTIVE RELIEF**

(First and Fifth Amendment Violations-Bivens Action)

**ALAMIN SAMAD,**

1.Plaintiff,

**2.DERRICK WHITE,**

Plaintiff,

**3.JOHNNY RICE,**

Plaintiff,

**Vs.**

**MARTHA BOERSCH,**

1.Defendant, in official and individual capacity.

**MACK JENKINS,**

2.Defendant, in official and individual capacity.

**JOHN DOE 1-10**

3.Defendants, in official and individual capacities.

## I. INTRODUCTION

1

1. This is a civil rights action looking for declaratory and injunctive relief against officials in the United States Attorney's Office for a pattern of unconstitutional misconduct. For more than three years, Plaintiff and others have given valid criminal complaints concerning judicial corruption and abuse of authority.

2. These complaints were sent through certified mail, served in person by a professional process server, and followed by repeated inquiries. Despite these efforts, the U.S. Attorney's Office took no action, made no, acknowledgement, and did not respond.

3. On information and belief, this pattern of non-response specifically affected complaints sent by African American individuals. Similar complaints given by non-Black individuals were treated differently, in violation of the Equal Protection principals incorporated in the Fifth Amendment.

4. Defendant's conduct also violates the First Amendment right to petition the government for redress and constitutes a denial of meaningful access to justice based on race.

5. Each defendant is a public official acting under the color of law within the scope of their official duties. Defendants are public officials required to be bonded following applicable law. Plaintiff intends to seek bonding information during the discovery process to support third-party liability under Uniform Bonding Code Section 5.2.

## II. JURISDICTION AND VENUE

6. This court has authority following 28 U.S.C. Section1331 (federal question) and the doctrine of Bivens v. Six Unknown Named Agents 403 U.S. 388(1971).

7. Venue is proper in this District under Section 28 U.S.C. Section 1391 because he events giving rise to these claims occurred here.

## III. PARTIES

8. Plaintiff ALAMIN SAMAD is an African American resident of Woodland California who given multiple criminal complaints about judicial misconduct. **ADDRESS:** 59 W Lincoln Ave Apt. 203, **ZIP:** 95695 **PH:** (916) 720-1674, **E-mail:** ased1958@gmail.com.

9. Plaintiff DERRICK WHITE is an African American individual currently incarcerated at Valley State Prison found in Chowchilla California who given multiple criminal complaints about judicial misconduct. **ADDRESS:** C2-10-2L. P.O. Box-92, **ZIP:** 93610.

10. Plaintiff JHONNY RICE is an African American individual currently incarcerated at Valley State Prison found in Chowchilla California who given multiple criminal complaints about judicial misconduct. **ADDRESS:** C2-28-3-L, P.O. Box-92, **ZIP:** 93610.

11. Defendant MARTHA BOERSCH at relevant times, was a supervisory official in the United States Attorney's Office for the Northern District acting under color of federal law. **ADDRESS:** CRIMINAL DIVISION 450 Golden Gate Avenue P.O. Box-36055 San Francisco California **PH:** (415) 436-7234.

12. Defendant had actual or constructive knowledge that complaints given by African American individuals were not being processed, responded to, or investigated, and did not take corrective action.

13. Defendant MACK JENKINS at relevant times, was a supervisory official in the United States Attorney's Office for the Central District acting under color of federal law. **ADDRESS:** CRIMINAL DIVISION 312 North Spring Street 12th Floor Los Angeles California 90012 **PH:** (213) 894-2400.

14. Defendant had actual or constructive knowledge of complaints given by African American individuals were not being processed, responded to or investigated, and did not take corrective action.

15. Defendants John Does 1 through 10 are presently unidentified officials, employees, or agents of the United States Attorney's Office who took part in, directed, condoned, or did not intervene in the refusal to process Plaintiff's complaints. The plaintiff will amend this complaint to substitute their true names once named through discovery.

## IV. FACTUAL BACKGROUND

16. Between 2021 and 2024, Plaintiff gave valid criminal complaints involving evidence of misconduct by judges working in both Sacramento County Northern District and Los Angeles County Central District U.S. District Courts.

17. These complaints were sent through certified U.S. Mail, (with tracking and return receipt) personal service by licensed process server, and follow-up calls and letters. **(See: EXHIBIT[S] Filed along with these proceedings for** Declaration of Zena Green p.p.1-3; Declaration of Diane Johnson p.p.4-8.; Declaration of Shirley Smith p.p.9-10.)

18. The U.S. Attorney's Office did not confirm receipt, investigate, or respond in any was over a multi-year period.

19. On information and belief, complaints from non-African American individuals during the same period were acknowledged and processed.

20. The plaintiff's race was known or reasonably ascertainable from the complaint material.

## V. CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action pursuant to Rules 23(a), 23(b), and\or 23(b)(3) of the Federal Rules Of Civil Procedure in behalf of a class defined as: "All African American individuals who between 2021 and 2024, who submitted complaints to the U.S. Attorney's Office for the Northern and Central District of California and received no acknowledgment, response, or investigation despite using official channels."

22. The class is so numerous that the joinder of all members is impracticable.

23. There are shared questions of law and fact, including the pattern of discriminatory treatment to process complaint as well as does the U.S. Attorney's Office have a policy or practice ignoring complaints from African Americans? Did supervisory officials know of and condone these practices?

24. Class representative's experiences mirror those of class submission via proper channels, followed by systematic non-response.

4

25. The class representative will fairly and adequately protect the interests of the class.

26. Class -wide relief is proper under Rule 23(b)(2) because of the conduct applies generally to the class.

## VI. CLAIMS FOR RELIEF:

27. **COUNT I-**Violation of First Amendment (Right to Petition)

28. Defendant's refusal to accept, process, or acknowledge Plaintiff's complaints violates the First Amendment right to petition the government for redress of grievances.

29. **COUNT II** – Violation of the Fifth Amendment (Equal Protection Component).

30. Defendants acted with intent or reckless disregard for the disparate treatment of African complaints, including Plaintiff.

31. **COUNT III** – Supervisory Liability under the First and Fifth Amendments (Bivens)

32. Defendants in supervisory positions knew or reasonably should have known of the refusal to act on complaints given by African Americans individuals and did not intervene.

33. Their failure to act was a direct and proximate cause of Plaintiff's constitutional injuries.

34. Plaintiffs realleges paragraphs 1-26.

## VII. RELIEF REQUESTED:

35. **WHEREFORE,** Plaintiff respectfully requests that this court:

   A. Declare the Defendant's practices violate the First and Fifth Amendments to the U.S. Constitution

   B. Declare the Uniform Bonding code (UBC), Section 5.2, is applicable to the defendants in their official capacities, Section 5.2 provides that all public officials and officers are required to be bonded for faithful performance of their duties, and that failure to perform such duties in accordance with the law gives rise to liability on the bond. Therefore, judicial determination is necessary to declare the applicability of UBC Section 5.2, for the purposes of holding accountable, at later stage, the bonding or surety companies liable for indemnification and compensation due to the

misconduct alleged herein. This declaratory relief is essential to establish a legal basis for joinder or later action against the bonding entities that insured the performance of the defendants' official duties, in anticipation of further proceedings seeking full remedy and enforcement of rights.

C. Enjoin Defendants from continuing to ignore or not processing complaints based on race.

D. Order implementation of race-neutral, publicity accessible complaint procedures and supervisory oversight.

E. Award punitive damages against individual Defendants for willful and malicious misconduct.

F. Award attorney's fees and costs (to the extent applicable under Bivens and 28 U.S.C. Section 2412).

G. Grand such other and further relief as the Court deems just and proper.

## VIII. DEMAND FOR JURY TRIAL:

37. Per Fed.R.Civ.P. 38(b), Plaintiffs demands a right to jury trial by jury on all issues so triable.

DATE:

_____ ,

ALAMIN SAMAD
Pro Se
59 W. Lincoln Ave. Apt.203
Woodand CA. #95695
(916) 720-1674
E-Mail: ased1958@gmail.com

DATE:
8-7-2025   Johnny Rice

Johnny Rice V7429
Pro Se
C2-28-3L
PO Box 92
Chowchilla Ca.
93610-009

6

8-12-2025

My name is Johnny Rice I am a partie to this Complaint I am sending a singed copie of the Complaint with this filing.

Johnny Rice