UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAMIN SAMAD, et al., | No. 2:25-cv-02169-DC-CKD (PS) |
| Plaintiffs, | |
| v. | ORDER |
| MARTHA BOERSCH, et al., | |
| Defendants. | |

Plaintiffs Alamin Samad, Derrick White, and Jonny Rice proceed without counsel and seek to proceed in forma pauperis.[1] This matter is before the undersigned pursuant to Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1).

In order to commence a civil action, along with the complaint, a plaintiff must either pay the $350.00 filing fee and the $55.00 administrative fee or request leave to proceed in forma pauperis ("IFP"). See 28 U.S.C. §§ 1914(a), 1915(a). "Where there are multiple plaintiffs in a single action, the plaintiffs may not proceed in forma pauperis unless all of them demonstrate inability to pay the filing fee." Darden v. Indymac Bancorp, Inc., No. CIV S-09-2970 JAM DAD, 2009 WL 5206637, at *1 (E.D. Cal. Dec. 23, 2009); see also Hampton v. City of Pomona Police Dep't, No. 2:22-cv-09430-FWS-ADS, 2023 WL 3317063, at *1 (C.D. Cal. Jan. 12, 2023)

---

[1] Plaintiffs White and Rice are both currently in prison. (See ECF No. 1 at 4; Docket.)

1

(denying IFP applications where one plaintiff did not sufficiently demonstrate an inability to pay the filing fee and still afford the necessities of life).

A plaintiff seeking leave to proceed in forma pauperis must submit an affidavit demonstrating inability to pay the filing fee, which must include a statement of all the plaintiff's assets and demonstrate the affiant's poverty "with some particularity, definiteness, and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." Escobedo v. Applebees, 787 F.3d 1226, 1234 (9th Cir. 2015) (citation omitted). While § 1915(a) does not require a litigant to demonstrate absolute destitution, Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948), the applicant must nonetheless show that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). If the court determines "the allegation of poverty is untrue," the court "shall dismiss the case." 28 U.S.C. § 1915(e)(2).

Here, plaintiff Samad, plaintiff White, and plaintiff Rice all filed separate applications in support of their requests to proceed in forma pauperis. (ECF Nos. 2, 6, 8.) Plaintiffs do not make the requisite showing of poverty to be granted leave to proceed in forma pauperis.

Plaintiff Samad's affidavit does not support a finding that he was unable to pay the court costs and still afford the necessities of life when plaintiffs filed this suit. (See ECF No. 2.) At the time plaintiffs filed the suit, plaintiff Samad had $5,565.57 in a checking or savings account and $7,708.97 total in cash.[2] Significantly, plaintiff Samad earned $3,500 in gross pay or wages every month. Although plaintiff Samad listed total monthly expenses of $3,196.42 per month, there is a net-positive monthly source of money even with the listed expenses.

While § 1915(a) does not require a litigant to demonstrate "absolute destitution," Adkins, 335 U.S. at 339, the applicant must nonetheless show inability to pay the fees. 28 U.S.C. § 1915(a). Plaintiff Samad's income and expenses demonstrate that the plaintiffs do not make the requisite showing of poverty to be granted leave to proceed in forma pauperis.

---

[2] A Bank of America account statement from July 18, 2025, attached to plaintiff Samad's in forma pauperis application indicates an account balance of $7,002.66. (ECF No. 2 at 8.)

1    Plaintiffs will be granted 30 days in which to submit the appropriate filing fee and
2 administrative fee to the Clerk of the Court. Plaintiffs are cautioned that failure to pay the court
3 costs will result in a recommendation that the applications to proceed in forma pauperis be denied
4 and the present action be dismissed without prejudice.[3]
5    For the reasons set forth above, IT IS HEREBY ORDERED that, within thirty (30) days
6 from the date of this order, plaintiffs shall submit the appropriate filing fee and administrative fee.
7 Dated:  August 20, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5, sama.2169.25

---

[3] The Court also notes that plaintiffs wish to bring this case as a class action. (See ECF No. 1 at 4-5; ECF No. 4.) A pro se plaintiff cannot represent a class in a class action. McShane v. United States, 366 F.2d 286, 288 (9th Cir. 1996) (stating a pro se plaintiff "has no authority to appear as an attorney for others than himself"); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987); Rudgayzer v. Yahoo! Inc., 2012 WL 5471149, at *4-5 (N.D. Cal. Nov. 9, 2012) (finding the court lack subject matter jurisdiction because pro se plaintiff could not represent class members). Accordingly, plaintiffs are unable to bring this action as a class action if they are proceeding without counsel. The court expresses no opinion about whether plaintiffs could bring their claims individually.